NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHRISTINE MARY SCHIAZZA,

          Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

          Defendant.

Civil Action No. 17-3587 (SRC)

OPINION

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Christine Mary Schiazza ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning May 10, 2010. A hearing was held before ALJ Jennifer Spector (the "ALJ") on January 12, 2016, and the ALJ issued an unfavorable decision on March 10, 2016. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of March 10, 2016, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings. At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform light work, with certain limitations. At step four, the ALJ also found that this residual functional capacity was not sufficient to allow Plaintiff to perform any of her past relevant work. At step five, the ALJ determined, based on the testimony of a vocational expert, that there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

The briefing in this case is minimal. The *pro se* Plaintiff filed the Complaint and the initial statement of contentions, pursuant to L. Civ. Rule 9.1(d), and the Commissioner filed the responsive statement on June 6, 2018. On November 14, 2018, the Court Ordered Plaintiff to file her appeal brief by December 10, 2018. Plaintiff filed a very short handwritten letter brief. The Commissioner did not file any response.

Plaintiff's letter brief of December 10, 2018 begins with this statement: "Am not sure what to say." The letter states that Plaintiff disagrees with the Commissioner's findings, but "have no more fight left in me . . . So I leave it in your hands. Your honor. Because I just give up."

The Supreme Court has held that a "handwritten pro se document is to be liberally construed." Estelle v. Gamble, 429 U.S. 97, 106 (1976). This Court thus liberally construes Plaintiff's letter brief, but finds no argument in it that supports her appeal of the Commissioner's decision. The Third Circuit has held: "Although courts liberally construe pro se pleadings,

unrepresented litigants are not relieved from the rules of procedure and the requirements of substantive law." Parkell v. Danberg, 833 F.3d 313, 324 n.6 (3d Cir. 2016); see also United States v. Peppers, 482 F. App'x 702, 704 (3d Cir. 2012) ("While a court must construe a pro se litigant's pleadings liberally, it need not act as his advocate.")

Although Plaintiff states that she disagrees with the Commissioner's findings, she does not offer this Court any basis to determine that the Commissioner erred. The closest the letter brief comes to asserting that the ALJ's decision is not supported by substantial evidence is this statement: "As far as I know I have been in doctor care since 4-13-13." Plaintiff's date last insured is December 31, 2013. Even construing this statement liberally, this Court does not find it to be a statement of how the ALJ erred. In the decision of March 10, 2016, the ALJ carefully reviewed Plaintiff's treatment records from 2013, and concluded, as already stated, that Plaintiff retained the residual functional capacity for light work, with certain limitations. There thus appears to be no dispute that Plaintiff has been in medical care since April of 2013. That fact alone does not provide a basis for this Court to conclude that the Commissioner's decision is not supported by substantial evidence.

Because Plaintiff's letter brief offers little support for her appeal, this Court looks to her Plaintiff's Statement, filed April 18, 2018. In this statement, in short, Plaintiff describes a number of serious medical problems that she was experiencing at the time of the statement. The problem is that Plaintiff's medical condition in 2018 is not at issue in the Commissioner's decision, which focused on 2013. The issue before the ALJ was whether Plaintiff had established a qualifying disability on or before December 31, 2013. Because it appears that the ALJ had ample medical records from 2013 before her, Plaintiff's medical condition in 2018

appears to be of very little relevance.

Plaintiff has failed to persuade this Court that the ALJ erred in her decision, or that she was harmed by any errors. This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

           s/ Stanley R. Chesler
           STANLEY R. CHESLER, U.S.D.J.

Dated: April 23, 2019